NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0840n.06

No. 12-5697

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="12"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>TERIACO ISOM,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED
Sep 19, 2013
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

Before: COOK, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Pursuant to a plea agreement, Teriaco Isom was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and four counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). The plea agreement preserved Isom's right to appeal the district court's denial of his motion to suppress the evidence upon which two of the counts were based. Isom now appeals that denial. We affirm.

I.

In June 2010, the Memphis Police Department received a complaint that Teriaco Isom was selling marijuana out of a house located at 2832 West Lakeland Drive in Memphis. Isom shared the house with his girlfriend, Chaundra Gilkey. The police surveiled the house and saw numerous

people enter, stay for a few minutes, and leave. The officers then saw Isom drive away and followed him. Isom pulled into a gas station, went inside, and returned to the car. He drove away without putting his seatbelt on. The officers continued to trail Isom, who then accelerated to 80 miles per hour. The speed limit was 55, so the officers pulled Isom over.

Detective James McDonald approached the car. He saw Isom throw something out of the window and shove a plastic bag under the seat. McDonald also saw what appeared to be marijuana all over Isom's clothes. Isom told McDonald that he was rolling a blunt and threw it out of the window when he saw the police lights. The officers searched the car and found a bag of marijuana under Isom's seat.

The officers then drove Isom back to the house. Detective Jerry Graves knocked on the door to no response. A few minutes later he knocked again. A young girl opened the door and said that she and her siblings were home alone. After Graves walked away, he looked back and saw an adult peeking through the blinds. Graves knocked again and Gilkey opened the door.

According to Graves, he introduced himself to Gilkey, told her about the officers' investigation, and said that they were going to tow a blue Chevrolet HHR registered to her at that address in which they had found narcotics. He asked whether the officers could come inside, and according to Graves, she said yes. Graves also testified that Gilkey signed a "consent to search" form. The officers began searching the house and found a large bundle of marijuana in the kitchen. At that point, they stopped the search in order to obtain a warrant. After they did so, the search continued. Altogether, the officers found a loaded handgun and over 900 grams of marijuana.

A grand jury thereafter indicted Isom on firearm and drug charges. Isom filed a motion to suppress the evidence found in the search of the house, arguing that Gilkey did not consent to the search. The district court denied the motion. Isom then pled guilty and brought this appeal.

II.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Hodge*, 714 F.3d 380, 384 (6th Cir. 2013). Consent is a question of fact we review for clear error, viewing the evidence in the light most favorable to the government. *United States v. Perry*, 703 F.3d 906, 908 (6th Cir. 2013). In doing so, we give "considerable deference" to the district court's credibility determinations. *United States v. McCauley*, 548 F.3d 440, 447 (6th Cir. 2008) (quotation marks omitted).

Isom argues that Gilkey's consent was invalid either because she misunderstood the consent form or because she was coerced into signing it. We look at the totality of the circumstances in reviewing whether Gilkey voluntarily consented to the search. *United States v. Lyons*, 687 F.3d 754, 770 (6th Cir. 2012).

Isom first argues that Gilkey thought the consent to search form denied, rather than granted, the officers permission to search the house. Gilkey admitted she signed the form, which stated:

> I, Chaundra Gilkey, having been informed of my constitutional right not to have a search made of the premises hereinafter mentioned without a search warrant and of my right to refuse consent to search, hereby authorize Det. Graves and Det. Crosby . . . to conduct a complete search of my premises located at 2832 Lakeland. This written permission is being given by me to the above named persons voluntarily and without threats or promises of any kind.

By its plain terms, the form grants rather then denies consent to search. And there is no reason to think that Gilkey misunderstood the form. Gilkey testified that she could read and that for ten years she had held a job that required her to read. The district court therefore rejected Gilkey's testimony that she had misunderstood the form. We have no basis to set aside that credibility determination. Isom's argument that Gilkey misunderstood the form is meritless.

Second, Isom argues that, even if Gilkey understood the form, she was coerced into signing it. In support, Isom emphasizes that the search took place late at night, that small children were present, that the officers knocked on Gilkey's door multiple times, and that Gilkey did not feel free to leave once the police entered the house. But these facts—which show no threats, intimidation, or promises in exchange for consent—are not enough to show coercion. *See United States v. Cochrane*, 702 F.3d 334, 343 (6th Cir. 2012). Thus, Isom's argument that Gilkey's consent was coerced is without merit.

The district court's judgment is affirmed.